IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00629-BNB

NICK L. THURMOND,

    Plaintiff,

v.

CLYDE M. DICK, D.D.S., and
HUDSON CORRECTIONAL FACILITY,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Nick L. Thurmond, is a prisoner in the custody of the Alaska Department of Corrections at a state prison in Seward, Alaska. Mr. Thurmond initiated this action by filing *pro se* in the United States District Court for the District of Alaska a civil rights complaint. In an order entered on March 6, 2012, the District of Alaska transferred the action to this court. On April 9, 2012, Mr. Thurmond filed an amended complaint (ECF No. 8) using the District of Colorado Prisoner Complaint form. He asserts two claims pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated.

    The court must construe the Prisoner Complaint liberally because Mr. Thurmond is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Thurmond will be ordered to file a second amended complaint.

The Court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Thurmond asserts two claims for relief. He alleges in both claims that he was denied proper medical or dental treatment while he was incarcerated in a private prison in Colorado from July 6, 2010, through January 8, 2011. Mr. Thurmond specifically alleges in his first claim that he was subjected to cruel and unusual punishment because Defendant Clyde M. Dick, D.D.S., repeatedly ignored and ultimately denied his requests for dental care. Mr. Thurmond also provides specific factual allegations in support of his claim against Dr. Dick.

Mr. Thurmond's second claim also is asserted as an Eighth Amendment claim. However, it is not clear who Mr. Thurmond is asserting his second claim against. There is no indication that Mr. Thurmond intends to assert his second claim against Dr. Dick. It is possible Mr. Thurmond may be asserting his second claim against the Defendant he identifies as the Hudson Correctional Facility. However, it does not appear that the Hudson Correctional Facility is a person subject to suit under 42 U.S.C. § 1983. In other words, Mr. Thurmond may not sue the prison itself for alleged violations of his constitutional rights committed by individuals who work at the prison. Therefore, Mr. Thurmond will be directed to file a second amended complaint that clarifies who he is asserting his second claim against if he wishes to pursue that claim.

In order to state a claim in federal court, Mr. Thurmond "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if

such deterrence fails."). Therefore, Mr. Thurmond should name as Defendants in his second amended complaint only those persons that he contends actually violated his federal constitutional rights. Accordingly, it is

ORDERED that Mr. Thurmond file, **within thirty (30) days from the date of this order**, a second amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that Mr. Thurmond shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Thurmond fails to file a second amended Prisoner Complaint that complies with this order within the time allowed, the second claim for relief will be dismissed without further notice.

DATED May 31, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge