IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00629-REB-KLM

NICK L. THURMOND,

    Plaintiff,

v.

CLYDE M. DICK, D.D.S.,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** issued by the Court on October 31, 2012 [Docket No. 35]. In the Order to Show Cause, the Court directed Plaintiff to show cause why the Court should not recommend that the case against the only Defendant in this action, Clyde M. Dick, D.D.S., be dismissed pursuant to Fed. R. Civ. P. 4(m).[1] In that Order, Plaintiff was directed to either file proof of service or respond and show good cause for his failure to properly serve Defendant, or to provide a current address for Defendant.

    Plaintiff filed a timely Response to Order to Show Cause [#36] on November 19, 2012 in which he sought a 60-day extension of time, which the Court granted. *See* [#38] at 2 (granting Plaintiff until January 18, 2013 to provide a service address for Defendant). On December 20, 2012, Plaintiff filed a "Response to 11-29-12 Order (Compliance)" [#39]

---

[1] The first Summons issued to Defendant Dick was returned unexecuted with a notation that the "[i]ndividual no longer works for prison". *Process Receipt and Return* [#34]. No forwarding address was provided. *See id.*

in which he provided a new service address.  The United States Marshal was then directed to serve Defendant at this new address.  *See* [## 40-41].  On February 13, 2013, the Summons was returned unexecuted with notations that "[s]ubject no longer works at this location" and "[c]urrent whereabouts unknown."  *See* [#42].

As the Court explained in the Order to Show Cause [#35], while Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so.  *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision).  Here, Plaintiff's lawsuit was initially filed on February 6, 2012. [#3].  He amended his Complaint on April 9, 2012 and again on August 2, 2012. [## 8, 19].  Thus, pursuant to Fed. R. Civ. P. 4(m), Plaintiff had until November 30, 2012 to serve Defendant.  Pursuant to Plaintiff's request, the Court then granted him an extension of time until January 18, 2013 to provide a valid address at which the Marshal could serve Defendant.  *See* [#38] at 2.  Although Plaintiff provided an address before the deadline, it was an address to which Defendant was no longer connected.  *See* [#42].  Thus, neither the initial address provided by Plaintiff nor the later address is sufficient to effect service on Defendant.  It is clear to the Court at this stage that Plaintiff cannot provide the necessary information to effect service on Defendant despite having been given sufficient time to do so.  The Court finds no basis to further extend the service deadline.  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#35] is made **ABSOLUTE**.  Plaintiff has failed to show cause as to why the Court should not recommend dismissal of Defendant.

IT IS RESPECTFULLY **RECOMMENDED** that Defendant, and this action, be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 11, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge