IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00629-REB-KLM

NICK L. THURMOND,

    Plaintiff,

v.

CLYDE M. DICK, D.D.S.,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**ENTERED BY KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE.**

    This matter is before the Court on Plaintiff's **Motion to Reverse 4/8/13 Order to Dismiss Without Prejudice; and Inform the Court of Service** [Docket No. 46; Filed August 9, 2013] (the "Motion"). The Motion requests that the Court reverse the Order [#45] entered on April 8, 2013 in which the Court dismissed the case without prejudice. The Court will, therefore, treat the Motion as a motion for reconsideration pursuant to Fed. R. Civ. P. 60. Defendant has not filed a Response. The Motion is ripe for review. Pursuant to 28 U.S.C. § 636 (b)(1) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition [#47]. The Court has reviewed the Motion, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#46] be **DENIED**.

## I. Background

Plaintiff's lawsuit was initially filed on February 6, 2012 in the District of Alaska [#1-1]. On March 6, 2012, the case was transferred to this Court [#1]. Plaintiff amended his Complaint on April 9, 2012 and again on August 2, 2012. [##8, 19]. Thus, pursuant to Fed. R. Civ. P. 4(m), Plaintiff had until November 30, 2012 to serve Defendant. Because Plaintiff failed to provide proof of service on Defendant or an address at which Defendant could be served by the United States Marshals Service, on October 31, 2012, the Court entered an Order to Show Cause [#35] directing Plaintiff to show cause why the Court should not recommend that the case against the only Defendant in this action be dismissed pursuant to Fed. R. Civ. P. 4(m). Pursuant to Plaintiff's request [#36], the Court then granted him an extension of time until January 18, 2013 to provide a valid address at which the United States Marshals Service could serve Defendant. *See Order* [#38] at 2. Although Plaintiff provided an address before the deadline, it was an address to which Defendant was no longer connected. *See generally Summons Returned Unexecuted* [#42]. Thus, neither the initial address provided by Plaintiff nor the later address was sufficient to effect service on Defendant. As a result, on March 11, 2013. the Court entered an Order and Recommendation [#44] which ordered that the Order to Show Cause [#35] be made absolute and recommended that the case be dismissed without prejudice. *See Order and Recommendation* [#44] at 2-3. On April 8, 2013, the District Judge approved and adopted the Recommendation and dismissed the case without prejudice. *See Order* [#45] at 2.

## II. Standard of Review

"Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (quoting

*Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007)). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Pursuant to Rule 60(b), in the following circumstances, the Court may grant relief from an order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party; . . . or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). It is well established in the Tenth Circuit that grounds for a motion to reconsider are typically limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

### III. Analysis

In the Motion, Plaintiff argues that a Certificate of Service filed on September 6, 2012 [#29] which states that the Clerk of the Court provided the Second Amended Complaint, Summons, and the Notice of Availability of Magistrate Judge to the United States Marshals Service for service on Defendant is evidence that "[D]efendant was in fact served the initial charging documents within the alotted [sic] time [ ] put forth by this [C]ourt and has failed to respond in a timely manner." *Motion* [#46] at 1. However, as noted by

the Court in the Order and Recommendation, the United States Marshals Service was unable to serve Defendant at the address provided by Plaintiff. *See Order and Recommendation* [#44] at 2. As a result, the Summons was returned unexecuted with the notation: "Subject no longer works at this location. Current whereabouts unknown." *See Summons Returned Unexecuted* [#42] at 1. Plaintiff mistakes the Certificate of Service on the United States Marshals Service for a Certificate of Service on Defendant. Accordingly, the Certificate of Service upon which Plaintiff relies does not constitute the exceptional circumstances required to grant relief pursuant to Fed. R. Civ. P. 60.

While the Court is sympathetic to Plaintiff's argument that "he cannot afford to pay to re-file this action at the current time," *Motion* [#46] at 1, his financial circumstances also do not constitute exceptional circumstances pursuant to Fed. R. Civ. P. 60.

### IV. Conclusion

Accordingly, based on the foregoing and the entire record in this case, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#46] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must

be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: September 6, 2013 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge